UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-02651-AB (KSx) | Date: | July 20, 2022 |
|---|---|---|---|

| Title: | *David Armando Martinez* et al. *v. Robinhood Crypto LLC* et al. |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER STRIKING MOTION TO DISMISS, DENYING MOTION TO STRIKE AND ENTER DEFAULT, AND EXTENDING DEFENDANT'S TIME TO ANSWER**

On June 30, 2022, Defendants Robinhood Crypto LLC and Robinhood Securities, LLC (collectively, "Defendants") filed a Motion to Dismiss ("MTD"). (Dkt. No. 22). However, they failed to properly serve Plaintiff David Armando Martinez ("Plaintiff"), who is appearing *pro se*. (Dkt. No. 25).

A motion to dismiss must be served on the plaintiff against whom it is brought. *See* Fed. R. Civ. P. 5(a)(1)(D). Moreover, if the plaintiff is not represented by an attorney, the motion must be served according to one of the methods described in Fed. R. Civ. P. 5(b)(2). These include: (i) "handing it to the person," (ii) leaving it at the person's office or dwelling, (iii) mailing it to the person's last known address, (iv) "leaving it with the court clerk if the person has no known address," (v) "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing," and (vi) "delivering it by any other means that the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(B)–(F).

The proof of service attached to Defendants' MTD indicates that Defendants attempted to serve the MTD on Plaintiff by e-mail and through the Court's electronic-filing system. (Dkt. No. 22-6). Neither of these means satisfies the requirement of Fed. R. Civ. P. 5(b)(2). An e-mail might count as "other electronic means that the person consented to in writing," but there is no indication the Plaintiff consented in writing to service by email. Moreover, service was not effectuated through the Court's electronic-filing system since Plaintiff does not appear to be a "registered user" of that system.

The fact that Plaintiff did not file a timely opposition to Defendants' MTD suggests that Plaintiff did not have proper notice of the MTD. Moreover, thought Plaintiff eventually filed a Motion to Strike Defendants' MTD ("Plaintiff's Mot."), (Dkt. No. 28), he only did so after Defendants filed a Notice of Non-Opposition, (Dkt. No. 26), which they properly served on Plaintiff by mail, (Dkt. No. 27).

Since the MTD was not properly served on Plaintiff, the Court now **STRIKES** Defendants' MTD. Moreover, since the Court is striking Defendants' MTD *sua sponte*, it **DENIES** Plaintiff's Mot. **AS MOOT**. Plaintiff's request for entry of default against Defendants, which formed one part of Plaintiff's Mot., is also **DENIED**.

Defendants filed their MTD on June 30, 2022, which was the deadline for filing an answer or otherwise responding to Plaintiff's Complaint. (*See* Dkt. No. 19). In the Court's judgment, it will not prejudice Plaintiff to extend Defendants' time to properly file and serve their MTD. For this reason, the Court now **EXTENDS** Defendants' time to answer or otherwise respond to Plaintiff's Complaint to August 5, 2022. If Defendants do not do so, Plaintiff may again seek entry of default against Defendants.

**IT IS SO ORDERED**.