WILLIAM M. TURNER, Cal. Bar No. 199526
william.turner@turnerdhillon.com
SAMER N. AREF, Cal. Bar No. 336747
samer.aref@turnerdhillon.com
**TURNER DHILLON LLP**
777 South Figueroa Street, Suite 1525
Los Angeles, California 90017
Telephone: (213) 373-5502
Facsimile: (213) 373-5599

Attorneys for Defendants
ROBINHOOD CRYPTO, LLC and
ROBINHOOD SECURITIES, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARMANDO MARTINEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBINHOOD CRYPTO, LLC, et al., <br><br> Defendants. | Case No.  CV22-2651-AB (KSx) <br><br> **DEFENDANTS ROBINHOOD CRYPTO, LLC AND ROBINHOOD SECURITIES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT OR STAY PROCEEDINGS AND COMPEL ARBITRATION** <br><br> *[Filed Concurrently with Notice of Motion and Motion to Dismiss, Declaration of Melissa Kincaid, Declaration of Samer N. Aref, and [Proposed] Order]* <br><br> Hearing Date:  September 30, 2022 <br> Time:         10:00 a.m. <br> Judge:        Hon. André Birotte Jr. |

1

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................. 6

II.   FACTUAL BACKGROUND.......................................................................... 6

    A.   The Parties ........................................................................................... 6

        1.   Defendants Robinhood Crypto, LLC and Robinhood
            Securities, LLC.................................................................... 6

        2.   Plaintiff David Armando Martinez ..................................... 7

        3.   Five Star & Socius, Inc. ...................................................... 7

    B.   Meet and Confer Efforts....................................................................... 7

III.  FIVE STAR AND SOCIUS, INC. IS NOT A PLAINTIFF ................................ 8

IV.   THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH
     RELIEF CAN BE GRANTED ........................................................................ 8

    A.   The FAC Fails to Comply with Federal Rule of Civil
       Procedure 9(b) .................................................................................... 10

    B.   The FAC Fails to Comply with Federal Rule of Civil
       Procedure 8(a)(2)................................................................................ 10

        1.   First Claim for Relief – "Negligence in the Securities" ................. 11

        2.   Second Claim for Relief – Misrepresentation & Omissions............ 12

        3.   Third Claim for Relief – Breach of Fiduciary Duty......................... 13

        4.   Fourth Claim for Relief – Account Churning ................................. 13

        5.   Fifth Claim for Relief – Unjust Enrichment .................................. 14

        6.   Sixth Claim for Relief – Engaging in Self-Dealing
            Transactions..................................................................... 14

V.    ALTERNATIVELY, THE COURT SHOULD COMPEL PLAINTIFF
     TO ARBITRATE HIS CLAIMS ................................................................... 15

    A.   The FAA Requires Mr. Martinez to Arbitrate his Claims Against
       Robinhood .......................................................................................... 15

    B.   California Law Similarly Requires Mr. Martinez to Arbitrate his
       Claims Against Robinhood ................................................................. 16

    C.   The Arbitration Clause Encompasses the Dispute at Issue....................... 17

    D.   Mr. Martinez Has Refused to Arbitrate....................................................... 18

    E.   This Action Should Be Stayed Pending Arbitration ................................... 18

VI.   CONCLUSION................................................................................................. 19

1

## <u>TABLE OF AUTHORITIES</u>

2

**Federal Cases**

3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2008) .................................................................. 10, 11

4

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) ...................................... 15, 16

5

*AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643

6

   (1986) .................................................................................................................... 17

7

*Balen v. Holland Am. Line Inc.*, 583 F.3d 647(9th Cir. 2009) ....................................... 6

8

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988)........................... 9, 13

9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)................................................ 10

10

*Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015) ................................................ 15

11

*Bruni v. Didion*, 160 Cal. App. 4th 1272 (2008) ........................................................ 16

12

*Chiron Corp. v. Ortho Diagnostic Systems*, Inc., 207 F.3d 1126 (9th Cir. 2000)......... 15

13

*Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114 (9th Cir. 2008) ................................. 15

14

*Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160 (2d Cir. 2000) ................ 8

15

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985).......................................... 15

16

*Gissin v. Endres*, 739 F. Supp. 2d 488 (S.D.N.Y. 2010) ............................................ 10

17

*Guadagno v. E\*Trade Bank*, 592 F. Supp. 2d 1263 (C.D. Cal. 2008) ......................... 16

18

*Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1990) ................. 8

19

*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002) ...................................... 15

20

*In re Brocade Communications Systems, Inc. Derivative Litigation*, 615 F. Supp. 2d

21

   1018 (N.D. Cal. 2009) .......................................................................................... 10

22

*In re Verifone Securities Litigation*, 11 F.3d 865 (9th Cir. 1993) ................................. 10

23

*Johnmohammadi v. Bloomingdale's Inc.*, 755 F.3d 1072 (9th Cir. 2014) .................... 18

24

*Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559 (9th Cir. 2014) ................................. 16

25

*Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010 (9th Cir. 2004) ........ 15

26

*MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4 (9th Cir. 2014) ................................... 18

27

28

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983) .......................................................................................................... 17

*MRI Scan Center, LLC v. National Imaging Associates, Inc.*, No. 13-60051-CIV, 2013 WL 1899689 (S.D. Fla. May 7, 2013) ............................................. 6

*Newdow v. Lefevre*, 598 F.3d 638 (9th Cir. 2010) .......................................... 11

*Palko v. Airborne Express, Inc.*, 372 F.3d 588 (3rd Cir. 2004) ..................... 6

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) .................................. 11

*United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960) ......................................................................................................... 17

**Federal Statutes**

15 U.S.C. §78t-1 ........................................................................................... 14

9 U.S.C. § 2 ............................................................................................ 15, 16

9 U.S.C. § 3 ................................................................................................... 18

9 U.S.C. § 4 ................................................................................................... 15

9 U.S.C. §§ 1-16 ........................................................................................... 15

**Federal Rules of Civil Procedure**

Fed. R. Civ. Proc. 12 ...................................................................................... 6

Fed. R. Civ. Proc. 12(b)(1) ............................................................................. 6

Fed. R. Civ. Proc. 12(b)(6) ............................................................................. 9

Fed. R. Civ. Proc. 15 ...................................................................................... 8

Fed. R. Civ. Proc. 8(a) .................................................................................. 10

Fed. R. Civ. Proc. 8(a)(2) ........................................................................... 8, 9

Fed. R. Civ. Proc. 9(b) .................................................................................... 9

**Local Rules**

Local Rule 83-2.2.2...................................................................................8

**District Court Filings**

Consolidated Class Action Complaint, *In re Robinhood Outage Litigation*, Case No.
3:20-cv-01626-JD (No. 74) .......................................................................12

 **California Cases**

*Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83 (2000) ....16
*Christensen v. Dewor Developments*, 33 Cal. 3d 778 (1983)........................................17
*Coast Plaza Doctors Hospital v. Blue Cross of California*, 83 Cal. App. 4th 677
(2000)..........................................................................................17
*Moncharsh v. Heily & Blase*, 3 Cal. 4th 1 (1992) ..........................................17
*Segal v. Silberstein*, 156 Cal. App. 4th 627 (2007) ........................................17

**California Statutes**

Cal. Civ. Proc. Code § 1281.2 ....................................................................16
Cal. Civ. Proc. Code § 1281.4 ....................................................................19

**Practice Guides and Other Publications**

Adam Hayes, *Churning*, Investopedia (Jan. 30, 2022)...............................................14
Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure
Before Trial, California & 9th Circuit Editions (Rutter Group, 2022) .......................8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Plaintiff David Armando Martinez's First Amended Complaint (FAC) (Dkt. No. 41) against Robinhood Crypto, LLC and Robinhood Securities, LLC (collectively "Robinhood") should be dismissed for failure to state a claim upon which relief can be granted.  Mr. Martinez's FAC cites inapplicable sections of the United States Code, and it consists of conclusory allegations that are insufficient to form a basis for a valid claim for relief.

Alternatively, Robinhood requests that Mr. Martinez's claim be compelled to arbitration and for these proceedings to be stayed in accordance with the parties' written arbitration agreements. [1]

## II.   FACTUAL BACKGROUND

### A.   The Parties

### 1.   Defendants Robinhood Crypto, LLC and Robinhood Securities, LLC

Robinhood provides commission-free trading and other security brokerage services and financial services to self-directed retail investors.  Customers sign up for Robinhood by accessing Robinhood's website or downloading the app.  All applicants are required to submit an application through either Robinhood's website or mobile app. (Kincaid Decl. ¶ 2.)

---

[1] Courts have permitted motions to compel arbitration to be brought through FRCP 12, or simultaneously as a FRCP 12 motion. *See, e.g., Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 656 (9th Cir. 2009) (affirming district court's grant of defendant's motion to compel arbitration and dismiss under FRCP 12(b)(3); *MRI Scan Center, LLC v. National Imaging Associates, Inc.*, No. 13-60051-CIV, 2013 WL 1899689, at *2 (S.D. Fla. May 7, 2013) ("courts generally treat motions to compel arbitration as motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)"); *Palko v. Airborne Express, Inc.*, 372 F.3d 588, 597-98 (3rd Cir. 2004) ("[o]ur prior decisions support the traditional practice of treating a motion to compel arbitration as a motion to dismiss for failure to state a claim upon which relief can be granted").

### 2. Plaintiff David Armando Martinez

Plaintiff David Armando Martinez has held an account with Robinhood since February 26, 2020. (Kincaid Decl., Ex. 1.) As a part of his application to open the account, Mr. Martinez was required to click a button on his computer or mobile device screen, equivalent to a signature, acknowledging that he would be bound by Robinhood's customer agreements. (Kincaid Decl. ¶ 4, Ex. 2 at ¶ 1.)[2] The Robinhood customer agreements that Mr. Martinez electronically executed include, or incorporate, a pre-dispute arbitration clause. (Kincaid Decl., Ex. 2, § 39; Ex. 3, § 16.)

Notwithstanding the pre-dispute arbitration clauses, Mr. Martinez filed a complaint in the District Court for the Central District of California, commencing this action. (Dkt. No. 1.) Mr. Martinez filed his FAC on August 3, 2022. (Dkt. No. 41.)

### 3. Five Star & Socius, Inc.

Five Star was named as a plaintiff in Mr. Martinez's original complaint. (Dkt. No. 1, p. 3.) Five Star is not named as a plaintiff in the FAC. (Dkt. No. 41, p. 3.) Accordingly, the docket for this case indicates that Five Star was terminated as a plaintiff upon the filing of the FAC on August 3, 2022.

## B. Meet and Confer Efforts

Robinhood's counsel met and conferred with Mr. Martinez on August 18, 2022, by email and telephone, regarding the defects that Robinhood believes exist with Plaintiff's FAC, and regarding the parties' arbitration agreements. (Aref Decl. ¶ 2.) Mr. Martinez was unwilling to discuss Robinhood's view that the FAC fails to allege facts sufficient to state a claim, he refused Robinhood's arbitration demand, and he concluded the conversation by telling Robinhood's counsel to "go ahead" and file a motion to dismiss and ask the Court to compel arbitration. (Aref Decl. ¶ 3.)

---

[2] The Robinhood Crypto Customer Agreement (Kincaid Decl., Ex. 3) includes slightly different wording regarding electronic acceptance, but is substantively identical.

### III. FIVE STAR AND SOCIUS, INC. IS NOT A PLAINTIFF

In the original Complaint, Five Star is named as a plaintiff. (Dkt. No. 1.) Five Star is not named as a plaintiff in the FAC. (Dkt. No. 41, p. 3.) Therefore, Five Star is no longer a party to this action.[3] Five Star's termination as a plaintiff is acknowledged on the docket for this case, effective August 3, 2022. Robinhood respectfully requests that the Court formally recognize the termination of Five Star as a plaintiff in its order on these motions to avoid any uncertainty or future dispute on the subject.

### IV. THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

Federal Rule of Civil Procedure (FRCP) 8(a)(2) requires that a pleading present a "short and plain statement of the claim showing that the pleader is entitled to

---

[3] As a rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000). "An amendment under Rule 15 may be used to drop a party." Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, California & 9th Circuit Editions, Ch. 8-F, 1386 (Rutter Group, 2022). "The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original." *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Thus, because Five Star is not named as a plaintiff in the FAC, as a matter of law, Five Star is no longer a plaintiff in this action.

Another reason that Five Star is not a plaintiff in this action is that it has never appeared in this case.

> Only individuals may represent themselves pro se. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this court under L.R. 83-2.1.

L.R. 83-2.2.2. Mr. Martinez purported to file the original complaint on behalf of himself and Five Star. (Dkt. No. 1.) Because a corporation may not represent themselves pro se, Five Star has never appeared in this action via the original complaint (Dkt. No. 1) or the FAC (Dkt. No. 41).

relief." FRCP 9(b) provides that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake," while "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

FRCP 12(b)(6) provides that a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Therefore, a pleading that does not satisfy the requirements of FRCP 8(a)(2) or 9(b) is subject to dismissal under FRCP 12(b)(6). Dismissal is proper under FRCP 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Mr. Martinez's FAC is entirely conclusory and fails to assert a claim that is plausible on its face. Although Mr. Martinez identifies six claims for relief in the caption of his FAC, the body of the FAC does not appear to assert all six claims. Further, Mr. Martinez primarily identifies specific code sections in those parts of the FAC concerning jurisdiction and venue, but he does not explain how any code section cited would provide the basis for a claim. Mr. Martinez alleges that Robinhood "in some way committed some or all of the tortuous actions (and constitutional violations) complained of in this action," but he does not identify the actions he believes Robinhood committed or did not commit. (Dkt. No. 41, p. 3.) Mr. Martinez alleges that Robinhood engaged in "unconstitutional" acts, without identifying any provision of the Constitution that Robinhood violated and without stating how any provision of the Constitution was violated. (Dkt. No. 41, FAC at pp. 3, 7.)

As a result, Robinhood is unable to discern whether FRCP 8(a)(2) or FRCP 9(b) applies to each purported claim for relief; therefore, Robinhood addresses both standards in turn below.

**A.     The FAC Fails to Comply with Federal Rule of Civil Procedure 9(b)**

Apparently as a basis for jurisdiction, Mr. Martinez identifies "Rule 10b-3," which concerns securities fraud.  (Dkt. No. 41, FAC at p. 2); however, Mr. Martinez fails to satisfy the standard for pleading fraud or mistake.  Additionally, Mr. Martinez does not identify the claims for relief that allegedly implicate securities fraud.

Claims brought under section 10(b) of the Securities and Exchange Act of 1934 must meet the particularity requirements for pleading fraud or mistake.  *In re Brocade Communications Systems, Inc. Derivative Litigation*, 615 F. Supp. 2d 1018, 1034 (N.D. Cal. 2009).  To comply with the FRCP requirement that fraud be pled with particularity, a plaintiff must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent; allegations that are conclusory or unsupported by factual assertions are insufficient.  *Gissin v. Endres*, 739 F. Supp. 2d 488, 500 (S.D.N.Y. 2010).  "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *In re Verifone Securities Litigation*, 11 F.3d 865, 868 (9th Cir. 1993).

Mr. Martinez does not identify any specific fraudulent statements, any speaker(s), where and when the statements were made, or explain why the statements were fraudulent in connection with *any* of his claims for relief.  Therefore, the claims in the FAC that could be interpreted as asserting securities fraud should be dismissed.

**B.     The FAC Fails to Comply with Federal Rule of Civil Procedure 8(a)(2)**

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and alterations omitted).  Although FRCP 8(a) does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008).  A

1   sufficiently pled claim must be "plausible on its face." *Id*.  "A claim has facial
2   plausibility when the plaintiff pleads factual content that allows the court to draw the
3   reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

4           For purposes of a motion to dismiss, allegations of fact are taken as true and
5   are construed in the light most favorable to the non-moving party.  *See Newdow v.*
6   *Lefevre*, 598 F.3d 638, 642 (9th Cir. 2010).  However, a court must distinguish between
7   the pleading's allegations of fact and its legal conclusions.  *See Iqbal*, 556 U.S. at 675.
8   A court "should not give legal conclusions the assumption of veracity."  *Id*. at 678.  The
9   court must decide whether the pleading's factual allegations, when assumed true,
10  "plausibly give rise to an entitlement to relief."  *Id*. at 679.  The court may not consider
11  material beyond the pleadings other than judicially noticeable documents, documents
12  attached to the complaint or to which the complaint refers extensively, or documents that
13  form the basis of the claims. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.
14  2003).

15          Mr. Martinez's FAC is entirely conclusory, lacks a cognizable legal theory,
16  and lacks sufficient facts to establish that he is plausibly entitled to relief.  Therefore, it
17  is impossible to draw a reasonable inference that Robinhood is liable for any alleged
18  misconduct and the FAC should be dismissed.

19          **1.     First Claim for Relief – "Negligence in the Securities"**

20          Mr. Martinez identifies "Negligence in the Securities" as his first claim for
21  relief in the caption of his FAC; however, there is no section of the FAC dealing with
22  negligence, and Mr. Martinez pleads no facts related to negligence.  (Dkt. No. 41, FAC
23  at p. 1.)  The only portion of Mr. Martinez's FAC that might arguably discuss negligence
24  is taken verbatim from *In re: Robinhood Outage Litigation*, which alleges that
25  Robinhood:

26              unlawfully breached its duties by, among other things, failing
27              to maintain a reliably functioning electronic trading platform
                with     sufficient     operating     capability     and     adequate
28              infrastructure   to   process   customer   transactions,   including

> during volatile and high-volume trading sessions; by failing to adequately design, test, and monitor its infrastructure necessary to timely process customers' transactions; by failing to provide timely access to trading services during the Outages; by failing to timely process securities trades, including taking orders, entering orders, and executing orders; by failing to keep records of trades (including attempted trades); by failing to provide timely access to customers' accounts, securities and funds.

Consolidated Class Action Complaint at 34, *In re Robinhood Outage Litigation*, Case No. 3:20-cv-01626-JD (No. 74); (Dkt. No. 41, FAC at p. 7).

Mr. Martinez has never raised issues concerning access to Robinhood's systems or "Outages"; in fact, the "Outages" alleged in the *Robinhood Outage Litigation* occurred during the time when Mr. Martinez claims that he "quickly gained momentum and had instant GAINS on securities purchased and on trades purchased using defendant robin hoods platform . . . ." (Dkt. No. 41, FAC at p. 5.) Therefore, the first claim for relief is not plausible on its face, fails to state facts sufficient to form the basis for a valid cause of action, and should be dismissed.

### 2. Second Claim for Relief – Misrepresentation & Omissions

Mr. Martinez alleges that "Robinhood Crypto LLC & Robinhood Securities LLC . . . violated federal securities law by means of misrepresentation, omissions, & false information with their 'Ultimate Authority' over the statements content & formulation through the means of another person." (Dkt. No. 41, FAC at p. 3.) Mr. Martinez does not identify any specific "misrepresentation, omission, [or] false information," nor does he explain what he means by "Ultimate Authority." He does not identify any fraudulent statements, the speaker, where and when the statements were made, or explain why the statements were fraudulent.

Further, Mr. Martinez alleges that "he did not consent to certain acts and practices," without identifying any "acts" or "practices." (Dkt. No. 41, FAC at p. 3.) Similarly, Mr. Martinez claims that Robinhood "executes transactions within accounts

when not specifically requested by plaintiff," without identifying any instances of wrongful conduct, let alone conduct directed at Mr. Martinez. (Dkt. No. 41, FAC at p. 4.) Any allegations conceivably related to Mr. Martinez's claim for "misrepresentations & omissions" are wholly conclusory and the FAC fails to plead sufficient facts to support a plausible claim for relief. Therefore, the second claim for relief should be dismissed.

### 3. Third Claim for Relief – Breach of Fiduciary Duty

Mr. Martinez alleges that Robinhood breached a fiduciary duty owed to him, despite his account being self-directed. (Dkt. No. 41, FAC at pp. 6, 8.) Further, the code section cited by Mr. Martinez concerning fiduciary duty (29 U.S.C. § 1109) applies to "employee benefit plans," and is, therefore, not applicable to his self-directed, individual trading account. Therefore, the third claim for relief should be dismissed for "lack of a cognizable legal theory." *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

### 4. Fourth Claim for Relief – Account Churning

Mr. Martinez alleges that Robinhood engaged in "Account Churning," despite his account being self-directed and commission-free. (Dkt. No. 41, FAC at pp. 6, 8.) Further, although Mr. Martinez listed "Account Churning" in the caption page, there is no discussion of account churning in the body of the FAC. The only reference to "churning" is located under "unfair enrichment" and alleges that "Robinhood was unjustly enriched at the expense of the Plaintiff and is not legally or equitably entitled to retain any of the benefits, compensation or profits it realized this constitutes Account Churning." (Dkt. No. 41, FAC at p. 8.)

"Churning" is defined as "excessive trading of assets in a client's brokerage account in order to generate commissions."[4] Mr. Martinez acknowledges that

---

[4] Adam Hayes, *Churning*, Investopedia, https://www.investopedia.com/terms/c/churning.asp#:~:text=Churning%20is%20exces

Robinhood "is a Brokerage firm that facilitates commission-free trades of stock" (Dkt. No. 41, FAC at p. 3); therefore, because Robinhood does not charge commissions and because Mr. Martinez's account was entirely self-directed, it is not possible for Robinhood to engage in account churning, and the fourth cause of action should be dismissed.

### 5. Fifth Claim for Relief – Unjust Enrichment

Mr. Martinez alleges that, "[s]ince Robinhood's profits, benefits, and other compensation were obtained by improper means, Robinhood was unjustly enriched . . . ." (Dkt. No. 41, FAC at p. 8.)  However, Mr. Martinez does not identify how or what improper means Robinhood used to profit, benefit, or derive compensation from Mr. Martinez.  This statement is entirely conclusory, cannot form the basis for a valid claim, and should be dismissed.

### 6. Sixth Claim for Relief – Engaging in Self-Dealing Transactions

The term "self-dealing transaction" is not used in the body of Mr. Martinez's FAC.  Presumably in support of this claim, Mr. Martinez alleges that Robinhood engaged in "insider trading without David's consent" and that it "further proves & demonstrate caused losses to capital contributed and as innocent." (Dkt. No. 41, FAC at p. 7.)

Insider trading involves "purchasing or selling a security while in possession of material, nonpublic information." *See, e.g.,* 15 U.S.C. §78t-1 (liability to contemporaneous traders for insider trading).  Mr. Martinez alleges no facts related to insider trading and appears to suggest that insider trading would be permissible if he gave Robinhood permission.  Therefore, the sixth claim for relief should be dismissed.

---

sive%20trading%20of,percentage%20fee%20for%20managed%20accounts.
(Jan. 30, 2022).

14

1

2

## V.   ALTERNATIVELY, THE COURT SHOULD COMPEL PLAINTIFF TO ARBITRATE HIS CLAIMS

3

4

5

6

In connection with opening his account with Robinhood, Mr. Martinez agreed to the Robinhood Securities Customer Agreement and Robinhood Crypto Customer Agreement.  (Kincaid Decl. ¶¶ 4, 5; Exs. 2, 3.)  Both agreements contain pre-dispute arbitration clauses.  (Kincaid Decl., Ex. 2 § 39; Ex. 3 § 16.)

7

8

### A.   The FAA Requires Mr. Martinez to Arbitrate his Claims Against Robinhood

9

10

11

12

13

14

15

16

17

18

19

20

21

The Federal Arbitration Act, 9 U.S.C. §§ 1-16, applies to a written arbitration agreement in "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2.  "The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (internal quotations and citations omitted).  A party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate" may bring a motion to compel arbitration in a federal district court.  9 U.S.C. § 4.  The Court's role under the FAA is limited to determining "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *see also Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (citing *Chiron Corp. v. Ortho Diagnostic Systems*, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)).

22

23

24

25

26

27

If a valid arbitration agreement exists covering the dispute, a district court must compel arbitration.  *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004); *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed").

28

1    Section 2 of the FAA reflects both "a liberal federal policy favoring
2    arbitration, and the fundamental principle that arbitration is a matter of contract[.]"
3    *Concepcion*, 563 U.S. at 339 (internal quotations and citations omitted).  Consistent with
4    these principles, "courts must place arbitration agreements on an equal footing with other
5    contracts, and enforce them according to their terms." *Id*. (internal quotations and
6    citations omitted).  However, Section 2 provides that written agreements to arbitrate
7    disputes arising out of transactions involving interstate commerce "shall be valid,
8    irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the
9    revocation of any contract." 9 U.S.C. § 2.

10    Courts may consider evidence beyond the complaint when determining a
11    motion to compel arbitration. *Guadagno v. E\*Trade Bank*, 592 F. Supp. 2d 1263, 1266-
12    69 (C.D. Cal. 2008) (examining declarations and exhibits in determining a motion to
13    compel arbitration).  The party seeking to compel arbitration must prove the existence
14    of an agreement to arbitrate by a preponderance of the evidence.  *Knutson v. Sirius XM
15    Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014).  In these proceedings, "the trial court sits
16    as a trier of fact, weighing all the affidavits, declarations, and other documentary
17    evidence, as well as oral testimony received at the court's discretion, to reach a final
18    determination." *Bruni v. Didion*, 160 Cal. App. 4th 1272, 1282 (2008).

19    **B.    California Law Similarly Requires Mr. Martinez to Arbitrate his Claims
20    Against Robinhood[5]**

21    The CAA states that a court shall order a matter to arbitration if it
22    determines that an enforceable arbitration agreement exists.   Cal. Civ. Proc.
23    Code § 1281.2.  California has a strong public policy in favor of arbitration and any
24    doubts regarding the arbitrability of a dispute are resolved in favor of arbitration.
25    *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 97 (2000)
26

27    [5] The Customer Agreements contain California choice of law provisions.
28    Although the arbitration clause is governed by the FAA because the subject matter
involves commerce, Robinhood includes CAA analysis out of an abundance of caution.

1   ("California law, like federal law, favors enforcement of valid arbitration agreements.");

2   *Christensen v. Dewor Developments*, 33 Cal. 3d 778, 782 (1983) (the court should

3   indulge every intendment to give effect to an arbitration agreement).  As the Supreme

4   Court of California has noted, ". . . the decision to arbitrate grievances evinces the

5   parties' intent to bypass the judicial system and thus avoid potential delays at the trial

6   and appellate levels . . . ." *Moncharsh v. Heily & Blase*, 3 Cal. 4th 1, 10 (1992).  This

7   strong policy has resulted in the general rule that arbitration agreements should be

8   enforced "unless it can be said with assurance that an arbitration clause is not susceptible

9   to an interpretation covering the asserted dispute." *Coast Plaza Doctors Hospital v. Blue*

10  *Cross of California*, 83 Cal. App. 4th 677, 686 (2000); *see also Segal v. Silberstein*, 156

11  Cal. App. 4th 627, 633 (2007) (applying California's strong public policy favoring

12  arbitration, courts will enforce an agreement to arbitrate unless it can be said "with

13  assurance that an arbitration clause cannot reasonably be interpreted to cover a dispute

14  or otherwise cannot be enforced.").  Thus, regardless of whether the FAA or CAA

15  governs, Mr. Martinez's claims against Robinhood should be compelled to arbitration.

16  **C.    The Arbitration Clause Encompasses the Dispute at Issue**

17  "Any doubts concerning the scope of arbitrable issues should be resolved

18  in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction*

19  *Corp.*, 460 U.S. 1, 24-25 (1983).  However, "arbitration is a matter of contract and a

20  party cannot be required to submit to arbitration any dispute which he has not agreed to

21  submit." *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S.

22  643, 648 (1986) (quoting *United Steelworkers of America v. Warrior & Gulf Navigation*

23  *Co.*, 363 U.S. 574, 582 (1960)).

24  The Robinhood Financial LLC & Robinhood Securities, LLC Customer

25  Agreement's arbitration clause encompasses "any controversy or claim arising out of or

26  relating to this Agreement, any other agreement between you and Robinhood, any

27  Account established hereunder, [and] any transaction therein . . . ." (Kincaid Decl., Ex. 2

28

17

§ 39).   The Robinhood Crypto Customer Agreement's arbitration clause encompasses "any dispute arising in connection with this Agreement, my [Robinhood Crypto] Account, or the [Robinhood Crypto] services. . . ."  (Kincaid Decl., Ex. 3 § 16.)  Given the broad scope of these arbitration agreements, any dispute between Mr. Martinez and Robinhood is required to be brought in arbitration.

**D.    Mr. Martinez Has Refused to Arbitrate**

Robinhood has demanded that Mr. Martinez submit his claims to arbitration pursuant to the arbitration clauses described herein.  (Aref Decl. ¶ 2.)   Mr. Martinez refused to voluntarily submit this dispute to arbitration and instructed Robinhood to seek relief from the Court.  (Aref Decl. ¶ 3.)

**E.    This Action Should Be Stayed Pending Arbitration**

The Ninth Circuit has held that "a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration."  *Johnmohammadi v. Bloomingdale's Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014).  There is a strong "preference for staying an action pending arbitration rather than dismissing it."  *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 9 (9th Cir. 2014).  Both the CAA and FAA would require that these proceedings be stayed pending arbitration.  The FAA provides, in relevant part, that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  The CAA mirrors the FAA; a court must "stay the action or proceeding until the application for an order to arbitrate is determined and, if arbitration of such

1  controversy is ordered, until an arbitration is had in accordance with the order to arbitrate
2  or until such earlier time as the court specifies."  Cal. Civ. Proc. Code § 1281.4.

3        Because Mr. Martinez's claims against Robinhood must be arbitrated, this
4  action should be stayed pending completion of the arbitration proceedings.  Therefore,
5  Robinhood respectfully requests that, should the Court determine not to dismiss the case,
6  the Court stay the instant proceedings until the arbitration has been completed.

7                    **VI.    CONCLUSION**

8        For at least the foregoing reasons, Robinhood requests that the Court
9  formally recognize the termination of Five Star as a plaintiff, and either dismiss the FAC
10 of Mr. Martinez in its entirety or compel this action to arbitration and stay these
11 proceedings pending arbitration.

12

13 Dated:  August 26, 2022              TURNER DHILLON LLP

14
                                        By: _____
15
                                            William M. Turner
16                                          Samer N. Aref
                                        Attorneys for Defendants Robinhood Crypto LLC
17                                      and Robinhood Securities LLC

18

19

20

21

22

23

24

25

26

27

28