UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARMANDO MARTINEZ, et al., <br><br> Plaintiff, <br><br> v. <br><br> ROBINHOOD CRYPTO, LLC, et al., <br><br> Defendants. | Case No. 2:22-cv-2651-AB-KS <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

## I. INTRODUCTION

Before the Court is Defendants Robinhood Crypto LLC and Robinhood Securities LLC's ("Defendants") Motion to Dismiss the First Amended Complaint, or in alternative, to Compel Arbitration ("Motion," Dkt. No. 42). Plaintiff David Armando Martinez ("Plaintiff"), a *pro se* litigant, filed various versions of his opposition. *See* Dkt. Nos. 46-48. Because these filings are duplicative and substantially the same, the Court considers only the first filed opposition. Defendants

1.

timely filed a Reply (Dkt. No. 49).[1] On September 25, 2022, Plaintiff filed a Motion to Strike Defendants' Reply, erroneously characterizing it as an Answer and erroneously characterizing Defendants' legal arguments as affirmative defenses (Dkt. No. 58).

The Court will resolve the Motion without oral argument and therefore **VACATES** the hearing set for September 30, 2022. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. For the following reasons, Defendants' Motion to Dismiss is **GRANTED** and Defendants' Motion to Compel Arbitration is **DENIED AS MOOT**. Plaintiff's Motion to Strike is **DENIED**. Further, because Plaintiff has prematurely filed a Motion for Summary Judgment, which is set for hearing on October 28, 2022, Plaintiff's Motion for Summary Judgment (Dkt. No. 51) is also **DENIED AS MOOT**.

## II. BACKGROUND

Defendants offer commission-free trading and other security brokerage and financial services to self-directed investors. Investors may utilize Defendants' services through Defendants' website or mobile application. During 2020 and 2021, Plaintiff utilized Defendants' services. *See* First Amended Complaint ("FAC") at ¶¶ 15. Although Plaintiff experienced some financial gain, Plaintiff alleges that he was ultimately injured by Defendants acts and omissions. *Id.* at ¶¶ 16-21. Plaintiff seeks to recover damages for his "pain [and] suffering, emotional distress, and stated financial losses." *Id.* at ¶ 26. Plaintiff also seeks equitable relief and punitive damages. *Id.*

## III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a

---

[1] Defendants filed with their Reply several needless evidentiary objections to Plaintiff's opposition. *See* Dkt. No. 49-2. These objections are overruled as moot.

2.

complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Id*. The complaint must also be "plausible on its face," that is, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

A court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged

3.

the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of matters of public record outside of the pleadings and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689-90.

In federal court, "[in] alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) requires a plaintiff averring fraud to plead the 'who, what, when, where, and how' of the alleged misconduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Thus, allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). This heightened pleading standard applies to securities frauds. *Oregon Pub. Emp. Ret. Fund v. Apollo Grp Inc.*, 774 F.3d 598, 605 (9th Cir. 2014).

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).[1] "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). This principle is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir.2003) (per curiam). "This policy is applied even more liberally to *pro se* litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir.1987).

There are a number of specific rationales, the *Foman* factors, that justify dismissal without granting leave to amend: undue delay, bad faith, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility. *Foman*, 371 U.S. at 182, 83 S.Ct. 227. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of

4.

granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Id.*

## IV. DISCUSSION

Plaintiff's FAC fails to allege sufficient facts to adequately put Defendants on notice of Plaintiff's claims or bases for those claims.

First, it is unclear from the FAC what causes of action Plaintiff is asserting. Plaintiff lists six causes of action on the caption page: (1) "Negligence in the Securities," (2) "Misrepresentation & Omissions," (3) "Breach of Fiduciary Duty," (4) "Account Churning," (5) "Unjust Enrichment," (6) "Engaging in Self-Dealing Transactions." FAC at 1. There are sections in the FAC titled "Misrepresentations & Omissions," and "Unjust Enrichment," but no other headings that correspond with the other causes of action. Indeed, the phrase "self-dealing transactions" does not appear anywhere in the FAC aside from the caption page. Similarly, Plaintiff uses the phrase "account churning" in a single sentence under the "Unjust Enrichment" section, does not define it, and does not connect it to any statute, regulation, or other legal basis. Conversely, phrases like "insider trading" are used, and federal securities laws are cited for venue and personal jurisdiction, without further elaboration. Thus, the legal basis for the FAC is unclear.

Second, and more importantly, the factual basis for the FAC is unclear. Looking at only the facts alleged in the FAC,[2] it appears that Plaintiff attempted to allege some type of negligence, intentional fraudulent conduct, and breach of

---

[2] Plaintiff attempts to allege further allegations in his opposition. This is improper. "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (citing *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir.1998). Therefore, the Court will not consider any new facts alleged in Plaintiff's opposition, Motion for Summary Judgment, or Motion to Strike.

fiduciary duty.  However, even in the light most favorable to Plaintiff, and drawing every inference in Plaintiff's favor, the facts alleged do not satisfy the pleading standards of Rule 8 or Rule 9.

### a. Negligence

Plaintiff must allege (1) that the defendant owed a duty of care to the plaintiff, (2) the defendant's breach of that duty, (3) injury sustained by the plaintiff, and (4) a causal connection between the defendant's conduct and the plaintiff's injury.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1070 (9th Cir. 2001).  Defendant is incorrect in asserting that "Plaintiff pleads no facts related to negligence."  Mot. at 11.  Plaintiff alleges that "Robinhood had a duty to exercise reasonable care, skill, and ability in conducting-facilitating financial services and transactions for its customers."  FAC at ¶ 21.  Plaintiff alleges that Defendants breached that duty by, among other allegations, failing to maintain its trading platform, failing to design infrastructure capable of timely processing transactions, failing to keep records, and failing to provide timely access to Plaintiff's account, securities, and funds.  *Id.*  The fact that this language is borrowed from another case does not change that Plaintiff has alleged facts that, if true, would demonstrate Defendants' duty and breach of duty.

However, Plaintiff has alleged no facts relating to the damages he suffered due to Defendants' failures, or how Defendants' failures caused those damages.  Plaintiff's next paragraph instead alleges that Defendants' actions were "further unconstitutional when plaintiffs' [sic] deposits were stolen and unavailable for his use." *Id.* at ¶ 22.  At most, this allegation suggests damages caused by intentional conduct, rather than Defendants' alleged breach of duty.  Because Plaintiff has not alleged the damages he suffered, or how Defendants' allegedly negligent conduct proximately caused his injury, Plaintiff has failed to state a plausible claim for negligence.

### b. Fraud

Plaintiff has not has not alleged facts to support any theory of fraud sufficient to satisfy Rule 9(b).  Plaintiff cites several securities laws throughout the FAC and states,

in conclusory fashion, that Defendants "violated federal securities laws by means of misrepresentation, omissions, & [sic] false information with their 'Ultimate Authority' over the statements content & formulation through the means of another person." FAC at ¶ 10. However, Plaintiff has not alleged "the specific content of the false representations," or the specific information Defendants failed to disclose, what the statements were about, when the statements were made, or how the statements were communicated. *Swartz*, 476 F.3d at 764. Thus, any and all fraud-based claims fail to satisfy the pleading standard.

### c. Breach of Fiduciary Duty

"The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." *Lennard v. Yeung*, No. CV 10-09322 MMM (ARGx), 2011 WL 13217784, at * 12 (C.D. Cal. Jun. 7, 2011) (citing *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 483 (1995)). Plaintiff has failed to allege facts demonstrating the existence of a fiduciary relationship. Plaintiff cites to *Wolf v. Super. Ct.*, 107 Cal. App. 4th 25, 29 (2003), to define what a fiduciary relationship is under California law, but has not alleged facts demonstrating that Plaintiff and Defendants' relationship fits this definition. Nor has Plaintiff demonstrated that a fiduciary relationship is established by law or contract. Accordingly, a claim for breach of fiduciary duty fails under the facts currently alleged.

### d. Plaintiff's Remaining Claims

The other possible claims that could be inferred from FAC's allegations must also fail. Plaintiff's one-off reference to insider trading is wholly unsupported by facts. Moreover, because Plaintiff has not plead sufficient facts to demonstrate Defendants' wrongdoing or liability, or how those actions unfairly enriched Defendants, Plaintiff's claim for unjust enrichment must also fail.

### V. CONCLUSION

Although Plaintiff's FAC is deficient, the Court finds that it could conceivably

be cured by amendment. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss and **GRANTS** Plaintiff leave to amend. Plaintiff shall file an amended complaint within **30 days**, otherwise the case will be dismissed with prejudice. Furthermore, Defendants' Motion to Compel Arbitration and Plaintiff's Motion for Summary Judgment are **DENIED AS MOOT**, and Plaintiff's Motion to Strike is **DENIED**.

Dated: September 29, 2022

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE